LAMPE v. WHITE MOTOR SALES CO.

Ohio Appeals, 6th Dist., Ottawa Co.

No. 85. Decided Oct. 14, 1925

1235. VERDICT—Court not required to submit case to jury when evidence adduced on trial is such as to have it shown that injury to motor truck was result of either one of two causes.

1255. WARRANTY—Where there is a warranty against defective material proof must show that injury was result of cause within this warranty.

RICHARDS, J.

The White Motor Sales Co. brought suit against Gilbert Lampe, in the Ottawa Com-

mon Pleas basing its action upon certain promissory notes given for payment of a motor truck. Lampe did not deny the liability upon the notes, but set up in a cross petition a claim that the contract of purchase for the motor truck contained a warranty for a period of 90 days against defective material. He contended that the material of the connecting rod bolts was defective and by reason of that defect the bolts broke, resulting in serious injury to the truck for which he claimed $1500 damages.

The trial court directed a verdict for the White Motor Co. for the full amount claimed and against Lampe on the cross petition. Error was prosecuted and the only question for the consideration of the Court of Appeals was whether the bill of exceptions contained some evidence tending to show that there was a breach of warranty against defective materials. The Court held:

1. While the truck -in question was being driven at a moderate rate of speed by Lampe the machinery broke and he did not know the nature of the injury until taken into a service station.

2. The witness who repaired the truck testified that the injury was due either because the bolt was defective or else because it had been taken up and loosened up. He was unable to say which reason.

3. From this, it does not appear whether the damage to the truck resulted from a breach of warranty against defective materials, or from a cause not covered by the warranty.

4. That warranty was very narrow and very specific being simply for a period of 90 days against defective material, and in order to justify submitting the case to the jury, the evidence should at least, have made it probable that the damage resulted from a cause covered by the warranty.

5. The evidence must have been such that this fact would appear more probable than any other. Ry. Co. v. Andrews, 58 OS. 426.

6. The evidence in this case was such where the damage was just as likely to have resulted from some cause not within the warranty as that it resulted from defective material and to permit the rendition of a judgment upon such evidence would be to allow a jury to base its verdict upon a mere guess which is abhorrent to the law.

Attorneys—Stahl & Price, Toledo, for Lampe; True & Crawford, Port Clinton, for Motor Co.